The next matter, No. 24-1996, Paul Perruzzi et al. v. The Campbell's Company et al. At this time, will the counsel for the appellants please introduce themselves on the record at the beginning? Zachary Tripp for the appellants. If I could, I'd like to reserve two minutes for my rebuttal. You may. Your Honor, the FAA provides that when you have an agreement, a valid agreement to arbitrate, it says, quote, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. That's Section 4. We didn't get that order, so we're asking you to reverse. Let me say something. You're asking that the case be sent back and Judge Young refer it to arbitration. The plaintiffs, the appellees, they're saying send the case back also. There's no disagreement that the case should be sent back. Am I correct? That's right. The other side is, I think, effectively filed across the bill brief. My question is, if we send it back, should we send it back for Judge Young to make – because the reason – he stayed the case. Should we send it back so he did not stay the case but either send it to arbitration or grant the other remedy, and then if whoever doesn't agree, one of them does not agree, then you appeal again? Because it would seem to me that there's no dispute that the case should be sent back. Am I correct? Yeah, although I think we're asking for very different things, right? The other side has filed a cross-appeal brief, effectively, even if they didn't cross-appeal. They're not defending this judgment. But we're asking for – I want to be very clear what we're asking for, right? We're asking for an order compelling arbitration. Effectively remanded, sent to arbitration. But what we're asking for is arbitration in accordance with the terms of the agreement and a stay in accordance with the terms of the agreement. And what he – he didn't give us either of those things. He said – and just to quote him at the hearing, he said, I don't compel anyone to do anything. So we didn't get our stay – our order to compel. He then closed the case and issues a conditional stay. And if I could, there's a – I think a really telling passage at the end of the hearing. This is in the addendum at 12. He says, after he sets forth the conditions for the conditional stay, he says, I think my order functionally is sufficient. Unless they go to arbitration, it will be dismissed, but under the terms that I've set out, which are class arbitration under Massachusetts law. But that just flies in the face of the statute. The statute says in accordance with the terms of the agreement. And our agreement was for individual arbitration, not class arbitration, right? And so we didn't get the stay that we were entitled to under Section 3 or the order to compel that we were entitled to under Section 4. And candidly, I think that's enough to reverse. It's really not very complicated. If I could, I'd like to make maybe two points. Counsel, can I just ask you two questions about what you said? When I read the transcript of the hearing, I saw what you just quoted. But in addition, on addendum page 10, the court does say very clearly this case is stayed in accordance with recent Supreme Court precedent, which I assume is the Spirisi case, I think.  Yeah. So I did understand him to be saying orally I'm staying the case. Then there's an administrative closure order. But he does say very clearly that he's staying it. So if we just put that to the side for a moment. And then turning to your request to compel individual arbitration consistent with the agreement, it seemed that what came up for the district court was this issue of Massachusetts law having a public policy against agreements that preclude class-wide arbitration. Can you just sort of give your view of how you think that played into the resolution here and how that issue came up and what the district court was grappling with there? So maybe two points in response to that. So first, he stayed the case, but again, it was under the terms that he set out, which were quite different from the terms of the agreement, which Section 3 requires. So I think the Massachusetts law piece is honestly a little confusing, right? We were moving under the FAA. The FAA, of course, preempts Massachusetts law. Our contract specifically provides for individual arbitration. And, of course, we're dealing here, what we were invoking was this settlement agreement, right? And I don't know where he got to the view that Massachusetts law bars an agreement to individual arbitration when you're settling a preexisting dispute. I don't know. But honestly, it just doesn't matter under, you know, like a dozen Supreme Court cases saying that you get arbitration according to the terms of your agreement. Also, the shift from individual to class arbitration, as your report told us in LAMPS Plus, just as your drive home, that shift in, this is a quote, from individual to class arbitration is a fundamental change that sacrifices the principal advantage of arbitration and greatly increases the risks to defendants. And we specifically agree, this is in Section 1.17 of the settlement agreement, of the Settlements Dispute Resolution provision, both to individual arbitration and to have the court, not the arbitrator, decide whether it was going to be individual versus class because we wanted to be sure that we would get individual arbitration. And if he didn't, if he said no order to compel or I'm giving an order to compel but on class arbitration, we would then get the appeal. One potential oddity or wrinkle in the case is that as I read the district court's decision, and this would be consistent with your idea that we have appellate jurisdiction, it declined to direct an order of arbitration in accord with the agreement, not in the sense that I directed arbitration in a way that you are now contesting and was not in accord with the agreement, but that it declined to direct arbitration at all because it says I don't compel anybody to do anything. And by doing that in closing the case, he denied our motion. The consequence of that is that the question of what order directing arbitration in accord with the agreement would mean was not passed on by the district court because it pre-termitted that question by simply saying I don't do directions. So that raises a question. For me, on appeal, if we read him by saying what he said to have not given you an order directing it, you have the right to appeal that. We then look at it and say, well, it is the case that he declined to do it on a ground that's erroneous because you do have the power to direct. You don't have a choice not to direct if we were to come to that conclusion. That would result in a vacating and remanding of the order. You'd be back before the judge and you'd figure out here's our argument for why, now that you know that you can direct and must if the agreement so directs, here's the direction we'd like. He'd rule on that, say whatever he says about what that kind of direction would mean in accord with the agreement. If you don't like what he says then, you could come back on appeal. You seem to be asking us to jump a step and determine what the order directing an accordant agreement should be in substance, even though the district court hasn't passed on that question. If I could, maybe three quick responses to that. First is it was never disputed that this is individual arbitration. They even in the red brief agreed that nobody ever agreed to class arbitration. It's individual. So I think that's easy. I think also in the district court, again, that really their only argument here was this strange argument about the settlement agreement trying to fit it within Section 1. They weren't disputing that it was individual arbitration set forth in the terms of the agreement. And I think really a critical point of this entire appeal is that the whole point of this statute is to end judicial hostility to arbitration and get cases into arbitration according to their terms, quickly and expeditiously, so they can be resolved. And if the district court had just followed through with what the FAA requires, once he rejected their only argument against the order to compel, then what he needed to do is grant the order to compel, and we would have been done months ago. Instead, we had to waste all this time and money taking an appeal that really should candidly never have happened. If I could, I'd like to make maybe one or two points about just the arguments in the red brief, maybe the first, the settlement. The settlement is just obviously not a contract of employment. I think that's easy. But maybe the other one is I think it's very unusual to me, if you pull up the red brief, the red brief is a cross-appeal brief. It is not asking you to affirm. They're not defending the district court's judgment or any part of its reasoning. Their entire brief are arguments for different relief to modify the judgment that they did not file a cross-appeal. This court has held that the cross-appeal rule is jurisdictional, so I think candidly you shouldn't get into any of that. But even if you do, I think we would still win. So if I could, I'd like to reserve the balance of my time. You mentioned that there's a judgment. I'm checking. There's no judgment below because the district court specifically said it's closed without entry of judgment. He closed the case and he entered the stay, right? It's an order for closure, but it's not a judgment. Sorry. So my question is, and again, I don't know the answer, but it's not an entry of judgment. So how are you here before this court? So 9 U.S.C. 16 specifically provides for an interlocutory appeal of an order denying a motion to compel arbitration, which again is in accordance with the terms of the agreement. You're giving an effective denial. You're saying this is an effective denial. It's an effective denial, and I think we've also had a denial of a stay because we didn't get a stay in accordance with the terms of the agreement. So I think we actually have two independent bases. But we would have to construe it as an order denying arbitration, effectively. I mean, I think it clearly is that. When he says, I don't compel anyone to do anything, and closes the case. Thank you. I'm sorry. Can I just ask you another question? Another thing that the district court mentioned was that at one point the district court says that it wasn't sure that the FAA applied here at all. Do you have any thoughts you want to offer on that? I think that was also fairly confusing, and I think my friends on the other side have not come up with any argument to express any reason why it wouldn't apply. The FAA's requirements are pretty minimal. You need to have a written agreement. It's written. It needs to evidence the transaction involved in commerce. It does. No dispute. The only argument they raised was trying to shoehorn the settlement agreement and also the distributor agreement both into Section 1. Once the district court rejected that, which it did really quite quickly, then what just follows from the text is, the court shall make an order directing the parties to proceed with arbitration. I understand the frustration you're expressing. There's the question we have, which is, why are we involved in this? I take it you've been through our camp process and there's been no agreement to just go to arbitration on the individual arbitration claims. My friends on the other side saw it and asked us to do class arbitration. And in the absence of that, they haven't had any agreement to go to arbitration. There's no individual arbitration. And I think, in particular, in the face of the court's order, what we need is an order saying it is going to be individual arbitration. Individual arbitration. Otherwise, it's not going to happen. Otherwise, and that's why the key to that is that. Got it. Okay. Thank you. Thank you, Counsel. At this time, Counsel for the Appellees, please introduce yourself on the record to begin. Good afternoon, Your Honors. Sarah Barney for Mr. Peruzzi and Mr. Sullivan, the plaintiffs in this matter. May it please the Court. Judge Rickleman, you just asked whether the FAA actually applies. That statement by the Court was very clearly one of his conclusions. And this question of whether the plaintiffs can be compelled to arbitrate pursuant to the FAA really fundamentally depends on whether the FAA itself actually applies. And on that point, we agree with the District Court. The FAA does not apply here. The defendants have kind of carefully avoided that intermediate step between his conclusion that a settlement agreement is not a contract of employment and really the outcome that they want here. But whether the FAA applies is the central issue, which this Court must necessarily review. And this Court reviews this denial of motion to compel arbitration de novo. So the trouble and the reason that remand is appropriate, without really entirely upsetting any clear, concise, or complete order in this case, is that on the drastically curtailed record below, this is a very short hearing that occurred, there is really no basis for this Court to determine with any confidence whether the FAA actually applies to the plaintiffs and their claims with this particular arbitration agreement. Nor, I think, can the Court confidently endorse any of the District Court's legal rulings. So what you're saying is if there's no basis on the record for the purpose of the FAA applying, it's the initial question I ask for other counsel, should we remand this case so Judge Young could either say it applies or it doesn't apply, and if it applies, go to arbitration, and if it doesn't, go to arbitration, and then whoever the agreed party is will get the right to appeal that order. Is that your position? Our request is that it be remanded for a really full hearing on the issues presented because the Section 1 issue that's raised here, it's been raised here. That would include him determining does the FAA apply or not, specifically. Correct. And that is... Which your position is that it doesn't because of the nature of the contract, but their position is that it is. Correct. There's no factual record for us to really order one thing or another. That's your position. The record is, unfortunately, very sparse. How does this contention affect our appellate jurisdiction under Section 16? Your Honor, I think the fact that the defendants have brought this appeal pursuant to Section 16, they have really put this issue before the court. Which issue? And I think the problem is whether the FAA applies because they're asking for another pursuant. Are you saying that we can't even decide whether we have appellate jurisdiction until we answer that question because Section 16 doesn't apply unless the FAA does? Well, I think the statement by the court, I'm not compelling anything, is effectively a denial of their motion to compel, which is really how we got here. But that's under 2 U.S.C. 16. Does 2 U.S.C. 16 apply independent of whether the FAA applies? I would say that's how all of these appeals get here. The FAA as a statute doesn't necessarily have to apply to the arbitration provision for a motion to compel arbitration pursuant to that provision to be denied. So there's no interest. The fact that whether the FAA applies or not doesn't affect 2 U.S.C. 16's application. Correct. Okay. So then on your view, there was a denial of the petition, so we have appellate jurisdiction under Section 16. Yes. But then you say rather than concluding that we have the FAA apply, you say it's unclear whether it does or not on this record. There's no basis for saying it does. So they wouldn't be entitled to the order directing arbitration in accordance with the agreement that they're contending because that's the only entitlement they have under the FAA. Given kind of the conflicting orders below, the kind of incomplete findings, and really the failure to resolve the issues that were presented, it seems that the appropriate remedy here is remand and some guidance. And what in your view makes it unclear whether the FAA applies? Essentially, there was no factual finding regarding the plaintiff's argument that the settlement agreement is not a standalone arbitration agreement. Rather, it directly modified the distributor agreements. The court did not seem to consider the fact that one of our plaintiffs actually has a later agreement where that arbitration provision is actually incorporated. But weren't both of the plaintiffs, they were part of the class that was subject to the settlement, correct? They were, Your Honor. So I'm not sure. What factual finding do you think the court needed to make? Because the one thing that I thought was very clear from the hearing was that the court rejected your argument that Section 1, the Section 1 exception would apply here because it concluded that this was not a contract of employment at all. It was a settlement agreement, and it was very clear on that. And so I guess sort of turning to what your opposing counsel is arguing, you're, I think, effectively asking us to reverse that decision without a cross-appeal, and how can we do that? Your Honor, this definitely presents a kind of odd procedural stature. And in this case, we did not have an appeal as of right. I think every single case cited by the defendants in all of their briefing regarding cross-appeals involved final decisions from which both parties had a right to appeal. The case that we cited, which is the First Circuit case, the Herbert case, this court actually noted that, in fact, an issue was not waived by failing to appeal it when there wasn't a right of appeal. I completely understand your argument about that, that you felt that there was nothing more you could do. But why doesn't that just indicate that we need to wait to address this point that you're making, this legal point that you're making, that the Section 1 exception actually should apply until some sort of final judgment in the case, and then you can raise whatever arguments that you want at that point? How could we be reviewing it now? Because what the defendants are asking this court to do is affirmatively say the FAA does apply and reverse that finding by the court and compel the plaintiffs to arbitrate pursuant to the FAA. I don't think this court can review that decision de novo without considering the underlying reasoning, and that underlying reasoning was ultimately incomplete. Just to back up a minute, you're saying that plaintiffs are asking us to reverse what? I think the plaintiffs, the way I understood them, they're just asking us to remand for an order compelling arbitration consistent with the agreement. Yes, so the defendants, the appellants, are requesting... Do you disagree with that? I understand that to be what they're requesting. I think on this particular issue, the issue is more complex, and even issuing that order requires a finding that the FAA approves. Can I just correct something for a second? I think we're referring to plaintiffs, but it's defendants, appellants, plaintiffs, appellants, correct? Yes. But did the district court find that the FAA applied or not? The district court, in fact, explicitly stated twice on the record, once at page 11 of the addendum, lines 12 through 15, once at page 12 of the addendum, 18 to 19. He said, first, I'm not at all clear that it applies at all, referring to the Federal Arbitration Act. I've got the Federal Arbitration Act applies at all. The exemption doesn't apply, but I don't know that the statute applies. I'm operating under Massachusetts law. And then he again said, the following page, I don't see the application of the Federal Arbitration Act here. So the concern is that these are kind of conflicting orders. The reasoning is not something that this court can endorse. Rather, it would be more appropriate to remand this... But they're appealing on the ground that they're entitled under the FAA because they're contending it does apply to an order directing that. They're entitled to bring that claim on appeal, aren't they? They are, and it directly put the question of the applicability of the Federal Arbitration Act. So you're effectively saying, if I understand it, don't do that fully, do just a remand. You agree that there was an error because they didn't direct, and he's wrong on that. He has the authority to direct arbitration. So we could vacate and remand for that, but the question of whether they are entitled to the direction they want, that's dependent on whether the FAA applies, and we don't have enough reasoning to determine he's wrong. That's your argument? That's correct. I think on the record below, this just was not completely developed, was not fully considered, and the orders do not provide this court any basis for any confidence. But are you identifying any reason to conclude that the FAA does not apply? Yes, Your Honor. On the plain language of the settlement agreement that they have repeatedly cited to, it created terms of an employment contract. It created terms of the district agreement. And so if we thought that was clearly wrong, I'm not saying we do, if we thought that was clearly wrong, then there would be no reason for us to remand on that issue. We would just say the FAA applies, right? I think Your Honors could decide it, but unfortunately it's just not developed. Well, what more does Judge Rickman ask us? What more isn't developed? You said it's plain on the face of the settlement agreement. If it's not, I'm not following what's missing. Well, I think, Your Honor, if I can just address the settlement agreement a little bit more than we had the opportunity to there. In the reply brief actually on this appeal, the defendants have repeatedly cited to this prior kind of voluntary entry into arbitration. Back in 2020, the plaintiffs demanded arbitration, and as the defendants repeatedly stated in their brief, the defendants have claimed that they attached the settlement agreement. But in fact, this is just a legal fiction that has kind of infected this entire proceeding. What they refer to as the settlement agreement is in fact Exhibit F to the settlement agreement, which contains the arbitration provision in its entirety. That provision is written explicitly in the same terms not as the settlement agreement, not referring to current contractors and class members, but referring to a distributor. And in fact, the introduction to Exhibit F refers to payment of this $3,000 additional consideration to the distributor, not to current contractors, not to class members. So it's really continuing to refer to that company. What we did not get to fully develop is the fact that on the plain language here, but also in practice, their entire relationship between these parties is based on this distributor agreement. And ultimately, what this settlement agreement did was modify terms of an existing contract of employment. The fact that the court did not reach that and did not fully consider that issue means that the actual arguments raised below were not fully considered, and this court should be directing and providing guidance for further consideration of that. This issue with the Section 1 exemption is inherently fact-specific. It's a very fact-heavy analysis. And this kind of issue of what is a contract of employment has become really the latest hot-button issue. I think it's also notable that even though the court referenced the great weight of authority, I believe was his wording, weighing against us, neither the defendants, I think, nor we were able to find any directly on-point precedent. So it's unclear kind of what great weight of authority that legal ruling was actually based on. And ultimately, that seems something that at least should have further explanation before this court is endorsing that particular reasoning. Just recently, the Third Circuit actually citing the Tenth Circuit's decision in Brock, there's this wave of decisions coming out, also said that a franchisee, and even if it's a franchise agreement, that could be a contract of employment. It's this broad language that actually this court originated that was adopted by the Supreme Court. That is the controlling precedent that the district court was required to apply. But unfortunately, the court, I think, tried to craft a kind of creative middle ground, maybe trying to make everyone happy. I think everyone left a little unhappy with the outcome. And that is what actually brought us before this court today. But the issue was not fully considered. And I think it would be very challenging for this court to directly endorse any of the findings or any of the legal reasoning. And again, it's all legal conclusions that this court is reviewing de novo. In order for the defendants to actually receive the relief that they are seeking, the fact is that the FAA has to control. And if that cannot be said with any certainty in this court's review, then they cannot receive the relief that they're seeking. If this court has no further questions, thank you. Thank you. At this time, counsel for the appellants, please reintroduce yourself on the record. You have a two-minute rebuttal. Yeah, Zachary Tripp for defendants appellates. Just a couple points. So it's undisputed that the district court erred. I think what my friend is arguing on the other side is a cross-appeal. That's what you bring when you're unhappy with the decision below. And I think really the most striking thing, right, is what is the additional thing that would make the FAA not apply? And they have not identified anything. The only argument they raised below— I think they're just cautioning us on reaching that question when we don't have a clear passing on it by the district court. Do you think the district court did pass on the question? I think what I'm saying is— Do you think the district court passed on the question? He said, I'm not sure whether it applies, but let me be clear. The only argument they ever raised is the one he rejected, which is the Section 1 argument. He squarely rejected that. They have not identified any other basis for having it not apply. So that's it. Once he's made that decision, then what he is required to do under the FAA is to follow through and compel arbitration. They haven't provided any basis to not take that additional step. That is legally required. And what they're trying to do, I think, one, is to bring these issues up before you want a cross-appeal that you would not have been able to rule on. If he had compelled arbitration, they would not have had an appeal. This is a one-sided appellate right, so I think you cannot even reach it. But even if you did, it's still wrong. The settlement agreement specifically requires arbitration. If I could just quote from the Tavares court that approved it, it described it as, quote, an innovative term of the settlement. The inclusion of a provision, this is also a quote, within the settlement agreement. They, when they demanded arbitration from us, they invoked the settlement, not their other contracts, the settlement agreement and nothing else. And then, candidly, this is all the argument. My friends made this argument in front of the district court judge. They made these arguments about incorporation into the distributor agreement and all of that. He rejected it squarely. So that is no basis to avoid anything other than reversal. And I think what we're clearly entitled to under the statute, if I could just finish, is an order directing the parties to proceed to arbitration. I take it your view is that you can bring a cross-appeal in this circumstance, notwithstanding that the statute doesn't provide them a basis for their own interlocutory appeal. They could have sought a 1292B. That's the scheme under 9 U.S.C. 16. It expressly provides that although the appeal by right is one-sided, 1292B is still open. So they could have sought 1292B certification on this if they wanted to. They didn't even try. If they can't cross-appeal, they don't cross-appeal. They can still make the argument that the record, you know, they have another position, but the record should be clear before Judge Young to either send to arbitration. But I think, candidly, the record was clear. The only argument that they made against application of the FAA he rejected. That's it. And the only other requirement in the FAA is that it be a written agreement. It's written. Thank you. Thank you, counsel. That concludes argument in this case.